UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
OCT 27 2016

CIV. #16-16-4152

| RICHARD DeMORE and SUZANNE DeMORE, Plaintiffs, vs. AUTO-OWNERS INSURANCE COMPANY, Defendant. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
|---|---|

The Plaintiffs, Richard and Suzanne DeMore, by and through their counsel of record, and for their causes of action against the Defendant, do hereby state and allege as follows:

## NATURE OF THE ACTION

This is a breach of contract and bad faith action brought by the Plaintiffs Richard and Suzanne DeMore ("Plaintiffs") against Defendant Auto-Owners Insurance Company ("Auto-Owners"). Plaintiff Richard DeMore was severely and permanently injured in an automobile collision that occurred when he was struck by an underinsured driver. He seeks to be made whole pursuant to the benefits available to him as an insured under the policy with Auto-Owners. Plaintiff Suzanne DeMore seeks benefits for her loss of consortium claim for the damages she has suffered. They both also seek to hold Auto-Owners accountable for its bad faith handling of their claims.

## PARTIES

1. Plaintiffs Richard and Suzanne DeMore are citizens of the State of South Dakota and residents of Sioux Falls, Lincoln County. They are husband and wife.

1

2. Upon information and belief, Defendant Auto-Owners Insurance Company is a corporation duly organized and existing under the laws of the State of Michigan, with its principal place of business in the State of Michigan, which at all relevant times was duly authorized to issue insurance policies in the State of South Dakota.

## JURISDICTION AND VENUE

3. Plaintiffs invoke the jurisdiction of this Court pursuant to 28 U.S.C. § 1332 based upon the diversity of the parties. The amount in controversy exceeds the sum of $75,000.

4. A substantial part of the events giving rise to this action occurred in South Dakota and, thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2).

## FACTS

5. Auto-Owners provided auto coverage to Plaintiffs pursuant to an insurance policy issued as Policy Number 43-629-345-00 ("the Policy"). *See* Exhibit A. The Policy was fully paid, effective, and in force during the relevant dates in this matter. The Policy provided underinsurance benefits to the Plaintiffs in the amount of $500,000.

6. The Plaintiffs were both insureds under the Policy.

7. On May 19, 2015, while the Policy was in force, Plaintiff Richard DeMore was severely and permanently injured in an automobile collision. *See* Exhibit B. To date, he has incurred medical bills of approximately $78,000.

8. The Plaintiff Suzanne DeMore suffers from Multiple Sclerosis and is wheelchair bound. Before the collision, her primary caretaker was her husband Plaintiff

Richard DeMore. Since the collision, he is no longer able to care for her in the same manner.

9. The collision and the Plaintiffs' resulting injuries and other damages were the fault of Sheryl Barrett. The collision between Richard DeMore and Barrett was solely and proximately caused by Barrett's negligence. Barrett was cited for failure to yield from a private driveway and subsequently pled guilty to that charge.

10. Barrett had only $50,000 in liability insurance and therefore qualifies as an underinsured motorist under Auto-Owners' policy.

11. On May 31, 2016, Plaintiffs' sought recovery of Richard DeMore's medical bills, out of pocket expenses, home health care costs of Suzanne DeMore and other benefits from Auto-Owners for Plaintiffs' damages, in accordance with the terms of the Policy.

12. In support of their claims, the Plaintiffs submitted a letter signed by Richard DeMore's treating physician explaining that the burst fracture he suffered at L2 which was caused by the collision likely made him more susceptible to the subsequent adjacent compression factures at L1, T12 and T11 than a person in normal health. They also submitted photographs of the vehicles involved in the collision, Mr. DeMore's medical bills and medical records. Additionally, they included the bills that they had incurred to provide home health care for the Suzanne DeMore because Richard DeMore was no longer able to provide the same care for his wife's needs.

13. Upon receiving the information provided by the Plaintiffs, Auto-Owners did not interview any of Richard DeMore's medical providers.

14. Upon receiving the information provided by the Plaintiffs, Auto-Owners did not seek to interview the Plaintiffs regarding their claims.

15. Auto-Owners delayed approximately three (3) months before it made any payment to the Plaintiffs and then made only a partial and inadequate payment of $125,000 in underinsurance benefits.

16. Despite the lack of any ambiguity in Richard DeMore's medical records, Auto-Owners requested that he be subjected to an adverse medical examination.

17. Auto-Owners retained the services of Dr. Christopher Janssen to conduct the adverse medical examination of Richard DeMore.

18. Auto-Owners continued to delay Plaintiffs' claims in that Plaintiffs did not receive a copy of Dr. Janssen's report until October 3, 2016, more than four months after the initial demand for benefits had been made.

19. Dr. Janssen had reviewed only Richard DeMore's medical records and determined that he agreed with Dr. Johnson's opinions. Dr. Janssen determined that he did not need to examine Richard DeMore in order to reach his conclusions, thereby confirming the Plaintiffs' position that the medical records were unambiguous and that an adverse medical examination was unnecessary.

20. Despite Dr. Janssen's opinion, Auto-Owners paid the Plaintiffs' only $175,000 in additional underinsurance benefits and has refused to pay the remaining $150,000 due and owing in underinsurance benefits.

21. The Plaintiffs requested that Auto-Owners reconsider its position and pay the remaining $150,000 of the insurance benefits. Auto-Owners refused to do so.

## COUNT ONE
## (Breach of Contract)

22.  Plaintiffs hereby reallege paragraphs 1-21 and all previous paragraphs and incorporate them as though fully set forth herein.

23.  By virtue of its Policy of insurance in effect on May 19, 2015, and Plaintiffs' status as insureds under the Policy, Auto-Owners is contractually obligated to pay Plaintiffs insurance benefits, including but not limited to, loss of consortium damages, as a result of the automobile collision caused by the underinsured tortfeasor that occurred while Richard DeMore was driving an insured vehicle.

24.  Auto-Owners breached its duty to pay Plaintiffs insurance benefits pursuant to the Policy.

25.  Auto-Owners' breach of its duties under the Policy has resulted in substantial damages to the Plaintiffs.

26.  Auto-Owners' refusal to pay the full amount of said loss was vexatious and without reasonable cause and Plaintiffs are entitled to attorney's fees pursuant to SDCL § 58-12-3.

## COUNT TWO
## (Bad Faith)

27.  Plaintiffs hereby reallege paragraphs 1-26 and all previous paragraphs and incorporate them as though fully set forth herein.

28.  Because the Policy constituted a contract of insurance between Auto-Owners and Plaintiffs, there existed an implied covenant of good faith and fair dealing between them.

29. The Plaintiffs suffered losses within the policy period that were compensable under the terms of the policy, provided timely notice to Auto-Owners of the occurrence giving rise to coverage and demanded payment for the same.

30. Auto-Owners knew that there was a lack of reasonable basis for denial of the claims or acted in reckless disregard as to whether or not a reasonable basis existed for the denial of the claims.

31. In addition to the denial of benefits, Auto-Owners committed bad faith against the Plaintiffs in the following ways:

   a. Delaying in processing and handling of Plaintiffs' claims for benefits;

   b. Failing to conduct a reasonable investigation into Plaintiffs' claims for benefits;

   c. Hiring a physician to conduct an adverse medical examination of Richard DeMore that Auto-Owners knew or should have known was unnecessary; and

   d. Failing to pay over the sum of benefits that Auto-Owners reasonably believed to be due and owing its insureds under the policy.

32. Auto-Owners denied Plaintiffs' claim for benefits and coverage in violation of the implied covenant of good faith and fair dealing and thereby committed bad faith.

33. At the time that Auto-Owners denied Plaintiffs' additional benefits, Plaintiffs' right to additional benefits under the terms of the Policy was not fairly debatable.

34. Auto-Owners' refusal to provide benefits and coverage and honor the plain terms of its insurance contract caused substantial damages to the Plaintiffs including, but not limited to, attorney's fees, financial distress and emotional distress.

35.     Auto-Owners used unfair and deceptive acts and practices in dealing with the Plaintiffs' claims for coverage through, among other things, its failure to acknowledge and act on their claims, its failure to adhere to reasonable standards regarding the handling of claims, its failure to reasonably investigate the claims, its failure to promptly provide a reasonable explanation of the basis of the partial denial, and its failure to promptly settle Plaintiffs' claims in total when liability was clear.

36.     Auto-Owners' refusal to provide coverage and to honor the plain terms of its insurance contract was willful, wanton and with reckless disregard, entitling the Plaintiffs to an award of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray for the following relief:

(1)     For Plaintiffs' compensatory, general, special and punitive damages in an amount that the jury deems just and proper under the circumstances;

(2)     For attorney's fees pursuant to SDCL 58-12-3;

(3)     For Plaintiffs' costs and disbursements herein;

(4)     For pre-judgment and post-judgment interest;

(5)     For such other and further relief as the Court determines to be just and proper.

Dated this 27th day of October, 2016.

                          JOHNSON, JANKLOW, ABDALLAH,
                          REITER & PARSONS, L.L.P.

BY _____
Scott A. Abdallah   (sabdallah@janklowabdallah.com)
Shannon R. Falon   (shannon@janklowabdallah.com)
P.O. Box 2348
Sioux Falls, SD 57101-2348
(605) 338-4304

*Attorneys for the Plaintiffs*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

_____
Scott A. Abdallah
Shannon R. Falon